UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL JP MCKINNEY,

                Plaintiff,

      v.

STATE OF WASHINGTON,

                Defendant.

CASE NO. C26-5612 BHS

ORDER

THIS MATTER is before the Court following Magistrate Judge Fricke's Order granting pro se plaintiff Michael McKinney's application to proceed *in forma pauperis*, based on his indigency, leaving to this Court evaluation of whether McKinney's complaint asserts a plausible claim and should be served. Dkt. 3 (citing 28 U.S.C. § 1915(e)(2)(B)).

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it has no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d

ORDER - 1

527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

McKinney seeks $45,000,000 from the State of Washington to compensate him for unconstitutionally requiring him to have a driver's license to operate a motor vehicle on public roads. Dkt. 4 at 11. He claims the State's licensure requirement violates his constitutional right to travel, and seeks compensation for all the tickets (apparently, 24) and arrests (apparently, 8) the state has imposed on him since 1987 for driving without one. *Id.* at 8.

ORDER - 2

McKinney's claim is facially and factually without substantive merit. It is "frivolous" under the *in forma pauperis* standard. McKinney has not articulated and cannot articulate any facts stating a plausible claim against anyone.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

McKinney cannot prevail on his claim that the state violated his constitutional right to travel by requiring him to have a driver's license to drive a vehicle on public roads, or for enforcing that law against him. He cannot cure this fatal defect through amendment.

McKinney's *in forma pauperis* status is **REVOKED**. This matter is **DISMISSED** with prejudice and without leave to amend.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 30th day of June, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3